### In re MORRIS et al.

(District Court, D. Massachusetts. April, 1917.)

BANKRUPTCY ☞384—COMPOSITION—DENIAL.

On petition for confirmation of an offer of composition, it appeared that approximately a month before the petition in bankruptcy was filed, the bankrupts became concerned about their affairs and consulted an attorney, that he advised them to carefully conserve all money that they took in, keeping it in their own safe, instead of depositing it in a bank, so that it would be available to make a composition offer later, and that the bankrupts followed those instructions, until an attachment was made on their stock and fixtures and a keeper placed in their store. Thereafter the bankrupts made a general assignment for creditors, and delivered to the assignee nearly $3,000 in cash, which were the funds so accumulated. Directly thereafter an involuntary petition in bankruptcy was filed, and the sum of money received by the general assignee was not then paid over to the receiver in bankruptcy, although subsequently nearly $2,000 was paid to the receiver. The schedules of assets and liabilities did not show the cash fund, and no value was placed upon the merchandise and fixtures; the schedules showing total liabilities and nothing as assets. The bankrupts thereafter made an offer of composition, which was in an amount substantially less than the value of their assets. *Held*, that the offer should be rejected, not being for the best interests of the creditors, and it further appearing that the assent of various creditors was in the main procured by one of the alleged bankrupts, who did not discuss the question of assets with assenting creditors.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of James H. Morris and others, alleged bankrupts. On objections by creditors to the confirmation of the bankrupt's offer of composition. Petition for confirmation of composition denied.

The following is the opinion of Jackson, Referee:

The objections contained in the specifications filed in opposition to the composition are three in number:

First. That the composition offer is not for the best interest of the creditors.

Second. That the bankrupts have been guilty of certain acts and have failed to perform certain of their duties, which would be a bar to their discharge.

Third. That the offer and its acceptance are not in good faith and have been made and secured by means and promises and acts forbidden by the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544).

· Attorney for alleged bankrupts made a motion that note be made of his objections to any evidence being taken on specifications second and third.

It appeared in evidence: That there are approximately 63 creditors of said alleged bankrupts, that at the first meeting 35 claims were proved, and 22 of said creditors assented to said composition. That 12 claims were proved at said meeting by creditors not assenting, and 4 creditors joined in filing specifications of objections to said composition.

Also, the total deposit called for on said composition was $4,226.20, and that of this amount the alleged bankrupts deposited $726.20, and the balance, $3,500, was all deposited by the receiver. There remained in the receiver's hands above his probable expenses $600, and a stock of merchandise and fixtures in a going business in Lawrence; said business being that of retailing ladies' cloaks, suits, boots, and shoes. There was conflicting evidence in regard to the present value of said merchandise and fixtures. Witnesses produced by the alleged bankrupts testified that a fair value of the cloaks and suits would be $650, and that fixtures were not worth over $150 in the store; that the boots and shoes were not worth over $250.

On the other hand, a witness offered by the objecting creditors testified that all the merchandise in the store was worth $3,000 as a going business, and that the fixtures were worth $500.

Upon all the evidence in regard to the value of the merchandise and fixtures, I find that a fair value for same at this time to be as follows:

Cloaks and suits........................................................ $1,000
Boots and shoes........................................................ 400
Fixtures .............................................................. 200
                                                                        _____
    Total .............................................................. $1,600

Therefore there would be in the hands of the receiver and available for expenses, and for the creditors approximately $5,900, if no composition had been offered.

It appeared from the testimony of the alleged bankrupts that early in December of 1916, they became concerned about their affairs and consulted an attorney in Boston, and thereafter acted under his advice. That he advised that they carefully conserve all money that they took in; not to deposit any money in the bank, but to keep same in the safe in the store, so that said money would be available to make an offer in composition later, should the occasion arise; and that the alleged bankrupts followed these instructions until December 24, 1916, when an attachment was made on their stock and fixtures, and a keeper placed in their store.

On December 26th a general assignment for the benefit of creditors was made by the alleged bankrupts to Charles E. Hayes, and $2,714.15 in cash was delivered to said assignee, Hayes, which was the fund accumulated under the advice as hereinbefore stated.

That directly thereafter an involuntary petition in bankruptcy was filed, and on January 2, 1917, Matthew A. Cregg, Esq., of Lawrence, was appointed receiver, with authority to conduct said business. That the $2,-714.15 above referred to was not paid to or delivered to said receiver, but that on March 14, 1917, $1,759.75 of said sum was paid to said receiver.

Schedules of assets and liabilities were filed in this court on January 30, 1917, and said fund of $2,714.15 in cash is not set out or referred to in said schedules, and no value was placed upon the merchandise and fixtures in schedule B (2) or in schedule B (4). There appears in the summary: "Total liabilities, $13,181.19." "Total assets, nothing."

It also appeared in evidence that the assent of creditors were in the main procured by one of the alleged bankrupts, Vincent A. Rice, and said Charles F. Hayes acting together, and both testified that they did not discuss assets and liabilities with the various assenting creditors.

That while it may not be material, in view of all the circumstances, it may be considered significant that one of the attorneys for the alleged bankrupts personally signs the assent to said composition for several creditors.

It also appeared in evidence that the alleged bankrupts kept no books or records of their business.

Therefore, considering all the circumstances, the substantial amount and value in the estate in excess of that required for the composition, the fact that the schedules were so improperly prepared that creditors may have been misled in regard to the value of the assets, and the fact that the alleged bankrupts were preparing to make an offer in composition almost a month before an involuntary bankruptcy petition was filed, force me to the conclusion that the objecting creditors have sustained specifications first and third, and I do so find.

I further report that in my opinion the objecting creditors have failed to sustain objection Second, and that said second specification should be dismissed.

I recommend that the composition be rejected.

Joseph B. Jacobs, of Boston, Mass., for objecting creditors.
Percy A. Atherton, of Boston, Mass., for alleged bankrupts.

MORTON, District Judge. At Boston, in said district, on the 23d day of April, 1917, upon the petition for confirmation of the composition offer made by the above named alleged bankrupts, and the specifications of objections thereto filed by Parker Holmes & Co. et al., creditors: Now, therefore, upon the report of the referee to whom said matter was referred to ascertain and report facts, and after hearing arguments of Joseph B. Jacobs, Esq., of counsel for the objecting creditors, and Percy A. Atherton, Esq., of counsel for the alleged bankrupts, and after due consideration of the same, it is hereby ordered and decreed that said petition for confirmation of composition offer be and it is hereby denied.